**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES PARKER,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-707**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**CARTER LUMBER COMPANY,**

**Defendant.**

## ORDER

Plaintiff, James Parker, sues Defendant, Carter Lumber Company, for employment discrimination under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Ohio Revised Code. This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 11). For the following reasons, Plaintiffs' Motion is **GRANTED**.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results

in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Defendant's only arguments in opposition to Plaintiff's Motion to Amend rest on the futility of Plaintiff's proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend the Complaint with the understanding that Defendant is free to challenge the claims against it through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The

trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

For these reasons, Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 11) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's First Amended Complaint, attached to their Motion as Exhibit A (ECF No. 11, PAGEID #64–75). Defendant's Motion to Dismiss Plaintiff's Claim for Retaliation (ECF No. 6) is **TERMINATED AS MOOT** in light of Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE